UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CORDELL CHATMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1688** |
| **PLAQUEMINES PARISH, ET AL.** | **SECTION "O"** |

## ORDER

Before the Court is the motion[1] for summary judgment of Defendant Plaquemine Parish Sheriff's Office Deputy Vincenzo Sainato. Deputy Sainato's motion was noticed for submission on December 11, 2024;[2] Plaintiff Cordell Chatman's response was due on December 3. *See* LOCAL CIVIL RULE 7.5. Chatman failed to file a timely response. So the Court considers the motion unopposed.

The unopposed motion has merit. This 42 U.S.C. § 1983 case arises from Chatman's claim that Deputy Sainato unlawfully arrested him after a traffic stop and then falsified details of the police report.[3] Chatman in turn brought a Section 1983 unreasonable-arrest claim against Deputy Sainato in his individual capacity.[4] Chatman also sued Deputy Sainato under Louisiana law for false imprisonment, intentional infliction of emotional distress, and violations of the Louisiana Constitution.[5] Deputy Sainato now moves for summary judgment, contending that he enjoys qualified immunity under federal and Louisiana law, and that Chatman cannot carry his burden to prove his Louisiana-law tort claims.[6] The Court agrees.

---

[1] ECF No. 29.
[2] ECF No. 29-9 at 1.
[3] *See generally* ECF No. 1.
[4] *Id.* at ¶¶ 6–7 (count I).
[5] *Id* at ¶¶ 24–26 (count VI); *id.* at ¶¶ 27–28 (count VII).
[6] *See generally* ECF No. 29-1.

"The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 926 (5th Cir. 2021) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material if it 'might affect the outcome of the suit.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). "[W]here the nonmovant bears the burden of proof at trial," as Chatman does on his Section 1983 and state-law claims here, "the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (citations omitted).

First, Deputy Sainato is entitled to summary judgment dismissing Chatman's individual-capacity Section 1983 claim. Because Deputy Sainato invokes qualified immunity, the burden shifts to Chatman to "show that the defense is not available" by "adduc[ing] summary judgment evidence indicating that [Deputy Sainato's] actions violated clearly established constitutional rights of which a reasonable person would have known." *Ratliff v. Aransas Cnty., Tex.*, 948 F.3d 281, 287 (5th Cir. 2020) (internal quotation marks, citation, and alterations omitted). Chatman fails to carry that burden: He does not direct the Court to summary-judgment evidence from which a reasonable jury could find that Deputy Sainato violated his clearly established constitutional rights. So Deputy Sainato enjoys qualified immunity from this claim.

Second, and similarly, Deputy Sainato is entitled to summary judgment dismissing Chatman's claim under the Louisiana Constitution based on Louisiana-law immunity principles. "Louisiana applies qualified immunity principles to state constitutional law claims based on '[t]he same factors that compelled the United States Supreme Court to recognize a qualified good faith immunity for state officers under § 1983.'" *Roberts v. City of Shreveport*, 397 F.3d 287, 296 (5th Cir. 2005) (quoting *Moresi v. Dep't of Wildlife & Fisheries*, 567 So. 2d 1081, 1093 (La. 1990)). Chatman's claim against Deputy Sainato under the Louisiana Constitution rests on the same alleged conduct that forms the foundation of Chatman's claim against Deputy Sainato under Section 1983.[7] Accordingly, because the alleged facts underlying those claims are the same, and because the qualified-immunity defenses under state and federal law are materially identical for all relevant purposes here, Deputy Sainato enjoys qualified immunity from the claim under the Louisiana Constitution for the same reasons he enjoys qualified immunity from the Section 1983 claim. *See, e.g.*, *id.* (holding that police chief enjoyed qualified immunity from claims asserted against him under the Louisiana Constitution "inasmuch as the plaintiffs' claims under state constitutional law parallel entirely the § 1983 allegations").

Third, Deputy Sainato is entitled to summary judgment dismissing Chatman's false-imprisonment claim under Louisiana law. That claim has two elements: "(1) detention of the person; and (2) the unlawfulness of the detention." *Waganfeald v. Gusman*, 674 F.3d 475, 480 (5th Cir. 2012) (internal quotation marks and citation

---

[7] *Compare* ECF No. 1 at ¶¶ 6–7 *with id.* at ¶¶ 27–28.

omitted). Among other arguments, Deputy Sainato "point[s] to an absence of evidence" that Chatman's arrest was unlawful. *Lindsey*, 16 F.3d at 618 (citations omitted). So the burden shifts to Chatman to "demonstrat[e] by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* (citations omitted). Chatman fails to do so. He does not point to evidence from which a reasonable jury could find that his arrest was unlawful. Thus, there is no genuine dispute as to the absence of evidence supporting his false-imprisonment claim. Deputy Sainato is entitled to summary judgment dismissing the claim with prejudice.

Finally, Deputy Sainato is entitled to summary judgment dismissing Chatman's claim for intentional infliction of emotional distress. That claim requires Chatman to prove (1) that Deputy Sainato's conduct was "extreme and outrageous"; (2) that he suffered "severe" emotional distress; and (3) that Deputy Sainato "desired to inflict severe emotional distress or knew that such distress would be substantially certain to result from the conduct." *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 756 (5th Cir. 2001) (citation omitted). Deputy Sainato "point[s] to an absence of evidence" of those elements. *Lindsey*, 16 F.3d at 618 (citations omitted). So the burden shifts to Chatman to "demonstrat[e] by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* (citations omitted). He fails to do so. He does not point to evidence from which a reasonable jury could find any element is met. So there is no genuine dispute as to the absence of evidence supporting Chatman's intentional-infliction-of-emotional-distress claim. Deputy Sainato is thus entitled to summary judgment dismissing this claim with prejudice.

Accordingly,

**IT IS ORDERED** that Deputy Sainato's unopposed motion[8] for summary judgment is **GRANTED**. Chatman's claims against Deputy Sainato are **DISMISSED WITH PREJUDICE**. Deputy Sainato's unopposed motion[9] to stay discovery pending a determination of qualified immunity is **DENIED** as moot.

New Orleans, Louisiana, this 22nd day of January, 2025.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[8] ECF No. 29.
[9] ECF No. 28.