UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CORDELL CHATMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1688** |
| **PLAQUEMINES PARISH, ET AL.** | **SECTION "O"** |

## ORDER

Before the Court is the motion[1] for summary judgment of Defendant Gerald Turlich, Jr., in his official capacity as Sheriff of Plaquemines Parish. Sheriff Turlich's motion was noticed for submission on December 11, 2024;[2] Plaintiff Cordell Chatman's response was due on December 3. *See* LOCAL CIVIL RULE 7.5. Chatman failed to file a timely response. So the Court considers the motion unopposed.

The unopposed motion has merit. This 42 U.S.C. § 1983 case arises from Chatman's claim that Plaquemines Parish Sheriff's Deputy Vincenzo Sainato unlawfully arrested him after a traffic stop and then falsified details of the police report.[3] Chatman brought Section 1983 claims against Sheriff Turlich under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).[4] He also alleged that Sheriff Turlich is vicariously liable for Deputy Sainato's alleged torts.[5] Sheriff Turlich now moves for summary judgment, contending that Chatman cannot carry his burden to prove his *Monell* and vicarious-liability claims.[6] The Court agrees.

---

[1] ECF No. 30.
[2] ECF No. 30-3 at 1.
[3] *See generally* ECF No. 1.
[4] *Id.* at ¶¶ 8–13 (count II); *id.* at ¶¶ 14–16 (count III); *id.* at ¶ 17 (count IV).
[5] *Id* at ¶¶ 18–23 (count V).
[6] *See generally* ECF No. 30-2.

"The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 926 (5th Cir. 2021) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material if it 'might affect the outcome of the suit.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). "[W]here the nonmovant bears the burden of proof at trial," as Chatman does on his *Monell* and vicarious-liability claims here, "the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (citations omitted).

Sheriff Turlich is entitled to summary judgment dismissing Chatman's *Monell* claims. A *Monell* claim requires "(1) a policymaker; (2) an official policy; and (3) a violation of a constitutional right whose moving force is the policy or custom." *Arnone v. Dall. Cnty.*, 29 F.4th 262, 265–66 (5th Cir. 2022) (internal quotation marks and citation omitted). "[W]ithout a predicate constitutional violation, there can be no *Monell* liability." *Reitz v. Woods*, 85 F.4th 780, 795 (5th Cir. 2023) (internal quotation marks and citation omitted). Among other arguments, Sheriff Turlich "point[s] to an absence of evidence" of causation (*i.e.*, the "moving force" element) and of an underlying constitutional violation. *Lindsey*, 16 F.3d at 618 (citations omitted). The burden thus shifts to Chatman to "demonstrat[e] by competent summary judgment

proof that there is an issue of material fact warranting trial." *Id.* (citations omitted). Chatman fails to do so. He does not point to evidence from which a reasonable jury could find (1) that the "moving force" element is met or (2) that any underlying constitutional violation occurred. For each of those independent reasons, there is no genuine dispute as to the absence of evidence supporting Chatman's *Monell* claims against Sheriff Turlich. So Sheriff Turlich is entitled to summary judgment dismissing Chatman's *Monell* claims with prejudice.

Sheriff Turlich is also entitled to summary judgment dismissing Chatman's vicarious-liability claim. That claim "necessarily rel[ies] on underlying state[-]law claims against" Deputy Sainato. *Terrell v. Pichon*, 413 F. Supp. 3d 515, 522 (E.D. La. 2019). "[A]n employer can only be held liable (through vicarious liability) if his employees are found liable in the first instance." *Kyser v. Metro Ambulance, Inc.*, 33,600, p. 5–6 (La. App. 2 Cir. 6/21/00); 764 So. 2d 215, 218. Sheriff Turlich "point[s] to an absence of evidence" that Deputy Sainato committed an underlying tort. *Lindsey*, 16 F.3d at 618 (citations omitted). That means the burden shifts to Chatman to "demonstrat[e] by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* (citations omitted). Chatman fails to do so. He does not point to evidence from which a reasonable jury could find that Deputy Sainato committed any underlying tort for which Sheriff Turlich could be held vicariously liable under Louisiana law. So there is no genuine dispute as to the absence of evidence supporting Chatman's vicarious-liability claim. Sheriff Turlich is therefore entitled to summary judgment dismissing that claim with prejudice.

Accordingly,

**IT IS ORDERED** that Sheriff Turlich's unopposed motion[7] for summary judgment is **GRANTED**. Chatman's claims against Sheriff Turlich are **DISMISSED WITH PREJUDICE**. Because the dismissal of Chatman's claims against Sheriff Turlich results in the denial of all relief to Chatman, a final judgment will follow in accordance with Federal Rule of Civil Procedure 58.

New Orleans, Louisiana, this 22nd day of January, 2025.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[7] ECF No. 30.